UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HUDSON,

    Petitioner,                 CASE NO. 2:06-CV-15753
v.                                    HONORABLE ARTHUR J. TARNOW
                                        UNITED STATES DISTRICT JUDGE

CINDI CURTIN,

    Respondent,
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART A CERTIFICATE OF APPEALABILITY**

On June 13, 2008, the Court issued an opinion and order denying the petition for writ of habeas corpus. *See Hudson v. Curtin,* No. 2008 WL 2444471 (E.D. Mich. June 13, 2008). The matter is now before this Court on remand from the Sixth Circuit to resolve petitioner's motion for a certificate of appealability, which he filed with his notice of appeal. For the reasons stated below, petitioner's motion for a certificate of appealability is granted in part and denied in part*.*

An appeal may not be taken from the final order of a district court denying a motion filed pursuant to 28 U.S.C. § 2254 unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(A). In order to issue a certificate of appealability, the district court must find that the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S.

322 (2003).

## A. Claim # 1. The right to present a defense claim.

Petitioner has requested a certificate of appealability on the part of his first claim involving his allegation that the trial court deprived petitioner of the right to present a defense by refusing to allow petitioner's counsel to present a videotape of the police interrogation of one of petitioner's alibi witnesses, Melissa Worley, into evidence. Petitioner wanted to introduce this evidence to show that the police had intimidated Worley into giving the answers that she made to the police. While the Court has concluded that petitioner's federal constitutional rights were not violated by the exclusion of the evidence, the Court believes that petitioner has made a substantial showing of the denial of a constitutional right. A reasonable jurist could potentially conclude that the exclusion of this evidence was detrimental to petitioner's confrontation rights and/or his right to present a defense. Accordingly, the Court will grant a certificate of appealability on petitioner's claim that the exclusion of the videotape of the police interrogation of his alibi witness violated petitioner's right to present a defense. *See Fomby v. Jackson*, No. 2007 WL 1455921 (E.D. Mich. May 16, 2007).

## B. Claim # 5. The *Blakely* claim.

Petitioner also seeks a certificate of appealability on his fifth claim that the trial violated the Supreme Court's holding in *Blakely v. Washington,* 542 U.S. 296 (2004)*,* when it scored the sentencing guidelines range. The Court rejected this claim, because

the holding in *Blakely* applies only to determinate sentences and Michigan has an indeterminate sentencing scheme. Because *Blakely* does not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's scoring of petitioner's sentencing guidelines range did not violate petitioner's Sixth Amendment rights. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007); *cert. den.* 128 S. Ct. 1898 (2008). The Court declines to grant a certificate of appealability on petitioner's fifth claim, because jurists of reason would not find this Court's resolution of the claim to be debatable. *See Brown v. Bell,* U.S.C.A. No. 07-2208 (6th Cir. March 7, 2008)(declining to grant a certificate of appealability to habeas petitioner on *Blakely* type claim).

### C. Petitioner's remaining claims.

Petitioner raised several other claims in his petition, but has not requested a certificate of appealability with respect to those claims. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), certificates of appealability are granted on an issue by issue basis, thereby limiting appellate review to those issues alone. *See Hughes v. Johnson*, 991 F. Supp. 621, 639 (S.D. Tex. 1998). Because petitioner does not seek the issuance of a certificate of appealability for the remaining claims that he raised in his petition, petitioner has waived his right to obtain a certificate of appealability on these claims. *See Elzy v. United States*, 205 F. 3d 882, 886 (6th Cir. 2000).

*Hudson v. Curtin,* 06-CV-15753

**ORDER**

**IT IS HEREBY ORDERED** that a certificate of appealability shall be issued with respect to petitioner's claim that the trial court violated petitioner's right to present a defense by refusing to allow petitioner's counsel to present a videotape of the police interrogation of one of petitioner's alibi witnesses, Melissa Worley, into evidence. (Claim # I). The certificate of appealability shall be **DENIED** with respect to the remaining claims.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: September 5, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 5, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary